UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH D. SPILLERS,<br><br>  Petitioner,<br><br>  v.<br><br>RICK HILL, Warden of Folsom State Prison,[1]<br><br>  Respondent. | No. 2:19-cv-567-TLN-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner who, proceeding without counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed his petition on April 3, 2019 and, therein, raises four claims. Two are listed together and, thus, are numbered 1(a) and 1(b). Thus, the four claims are: (1)(a) there was insufficient evidence for the conviction of carjacking; (1)(b) petitioner was sentenced on facts not proven to a jury in violation of the Supreme Court's decision in *Cunningham v. California*, 549 U.S. 270 (2007); (2) the Court of Appeal's decision to uphold carjacking conviction based on an accuser's testimony violated due process; and (3) the appellate court failed to consider a lesser included offense. ECF No. 1 at 3. The court directed respondent to submit an answer or a motion in response to the petition, ECF No. 7, and he responded with a

---

[1] Rick Hill, Warden of Folsom State Prison, is substituted as respondent in this action. *See* Rule 2, Rules Governing § 2254 Cases.

1

motion to dismiss ("motion").  ECF No. 12.  Respondent argues that the petition contains unexhausted claims.  Petitioner has filed an opposition and memorandum (ECF Nos. 14 & 15) and, accordingly, the motion is now ready for disposition.  For the reasons that follow, the motion should be granted.

## Background

Petitioner was convicted, in December of 2017, of robbery, carjacking, unlawfully driving or taking a vehicle, theft by false pretenses, domestic violence with a prior domestic violence conviction, and misdemeanor possession of heroin.  ECF No. 13-1 at 1.  On direct appeal before the state appellate court, he argued that there was insufficient evidence to support his carjacking conviction.  ECF No. 13-2.  The state appellate court rejected that claim in a reasoned decision.  ECF No. 13-3.  Petitioner then filed a petition for review to the California Supreme Court which raised all of the claims now listed in his federal petition.  ECF No. 13-4.  The California Supreme Court summarily denied that petition.  ECF No. 14 at 4.

Now, respondent argues that only the sufficiency of the evidence claim, which was presented to the state appellate court, is properly exhausted.

## Standard of Review

In the context of federal habeas claims, a motion to dismiss is construed as arising under rule 4 of the Rules Governing Section 2254 in the United States District Courts which "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated." *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (quoting *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983)).  Accordingly, a respondent is permitted to file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards in reviewing the motion.  *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982).  Rule 4 specifically provides that a district court may dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that petitioner is not entitled to relief in the district court . . . ."  Rule 4, Rules Governing Section 2254 Cases.

/////

/////

Analysis

It is well settled that, in order to exhaust claims in a federal habeas petition, a petitioner challenging a state conviction must first present his claims to the highest state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is not satisfied where a petitioner presents a claim to the highest court "in a procedural context in which its merits will not be considered." *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see also Casey v. Moore*, 386 F.3d 896, 918 (9th Cir. 2004) ("Because we conclude that Casey raised his federal constitutional claims for the first and only time to the state's highest court on discretionary review, he did not fairly present them.") (discussing claims presented for the first time to the Washington State Supreme Court in a petition for discretionary review).[2] Here, petitioner presented all of his claims to the California Supreme Court in a petition for review but, as noted *supra*, he presented only his sufficiency of the evidence claim to the state appellate court. Generally, the California Supreme Court will decline, on a petition for review, to consider any issue that could have been, but was not, raised before the state court of appeal. *See People v. Bland*, 28 Cal. 4th 313, 336 n.10 (2002) (citing Cal. Rules of Court, rule 29(b).) ("As relevant, that rule provides: 'As a matter of policy, on petition for review the Supreme Court normally will not consider: [P] (1) any issue that could have been but was not timely raised in the briefs filed in the Court of Appeal.'"). The question then, is whether there is any indication that the claims which were raised for the first time in the petition for review were considered.[3]

The California Supreme Court issued a summary denial of the petition for review. ECF No. 14 at 4. Thus, there is no express evidence that it considered the merits of the claims petitioner included for the first time in his petition before that court. At least one court in this circuit has raised the question of how the United States Supreme Court's decision in *Harrington*

---

[2] The Ninth Circuit's holding in *Casey* has been applied to similarly situated petitioners in California. *See, e.g., Dixon v. Brown*, No. C 08-3725 RMW (PR), 2010 WL 1028720, at *3 (N.D. Cal. Mar. 18, 2009).

[3] If a claim not presented to the lower courts on direct review is, nevertheless, expressly addressed by the state's highest court, that claim is considered exhausted. *See Casey*, 386 F.3d at 916 n.18.

3

*v. Richter*, 562 U.S. 86 (2011)[4] interacts with its earlier decision in *Castille*. *See Foley v. Kernan*, No. 16cv0408-JLS (BGS), 2017 U.S. Dist. LEXIS 142333, *43-44 (S.D. Cal. Sept. 1, 2017). The *Foley* court declined to reach any definitive conclusion on the issue and, instead, denied the potentially unexhausted claims on their merits. *Id.* at *46 ("Here, however, the Court need not determine whether Respondent has rebutted the post-*Castille* presumption in *Richter* that the state supreme court's silent denial of the petition for review was a denial on the merits of the claims presented, because claims two through seven fail under a de novo review."). This court, noting the caveat in *Richter* that its principle holds only in "the absence of any indication or state-law procedural principles to the contrary," 562 U.S. at 89, finds that *Castille* bars petitioner's added claims as unexhausted. As noted *supra*, the state court rules provide that "normally" issues that could have been raised for the first time before the state appellate court, but were not, will not be considered on their merits by the California Supreme Court. The logical application of that rule, in this court's view, is to assume, absent some evidence to the contrary, that the California Supreme Court followed its "normal" course. There is no evidence to the contrary here[5] and, thus, claims 1(b), 2, and 3 are unexhausted.

/////

---

[4] In *Richter*, the Supreme Court stated that: "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." 562 U.S. at 89.

[5] The court notes that petitioner has submitted a letter from the Clerk of the California Supreme Court, Jorge E. Navarette, which informed petitioner that a subsequent "motion for reconsideration" would not be considered by the court. ECF No. 14 at 5. That letter also stated "[p]lease rest assured, however, that the entire court considered the *petition for writ of habeas corpus*, and the contentions made therein, and the denial expresses the court's decision in this matter." *Id.* The letter is curious insofar as it erroneously refers to petitioner's case (S253808) as a habeas petition. It was not a habeas petition. Instead it was a petition for review on direct appeal and, indeed, the California Supreme Court's order clearly stated as much when it held that "[t]he *petition for review* is denied." *Id.* at 4. This confusion of terms appears to be an error on the part of the Clerk. Regardless, the fact that the court considered the contentions raised in the petition for review does not necessarily imply that the court reached past the procedural bar and ruled on the merits of the added claims. The letter is too vague to establish as much. Moreover, even a court which declines to reach certain claims will, in some sense, "consider" them to determine whether they are procedurally barred.

After he filed his opposition, petitioner submitted a motion which, in the event the court determines that the petition contains unexhausted claims, seeks dismissal of those claims. ECF No. 16. In light of the foregoing findings, that motion should be granted and this action should proceed only on petitioner's claim that insufficient evidence supported his carjacking conviction.

<u>Conclusion</u>

Accordingly, it is RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 12) be GRANTED;

2. Petitioner's motion to delete unexhausted claims (ECF No. 16) be GRANTED;

3. Petitioner's claims 1(b), 2, and 3 – a described *supra* – be DISMISSED without prejudice as unexhausted; and

4. Respondent be directed to file an answer to petitioner's remaining claim within sixty days of any order adopting these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: February 12, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE