UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH D. SPILLERS,<br><br>    Petitioner,<br><br>    v.<br><br>RICK HILL,<br><br>    Respondent. | No. 2:19-cv-567-TLN-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding without counsel, brings an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner attacks the sufficiency of evidence underlying a car-jacking conviction (Penal Code § 215) obtained against him in 2018 and in the Sacramento County Superior Court. Respondent has filed an answer (ECF No. 21) and petitioner has filed a traverse (ECF No. 23).

For the reasons stated hereafter, the petition should be denied.

FACTUAL BACKGROUND

The court has reviewed the state appellate court's summation of the relevant facts. Having determined that it is consistent with the record, it is reproduced here:

> While the victim and defendant were in a relationship in 2015 and 2016, defendant beat her many times and threatened to destroy her property.

/////

In September 2016, the victim would drive her mother's BMW X5 and would park it in front of her apartment. Defendant was not allowed to use the car and did not have a key to it, and when he asked the victim to allow him to drive the car, she declined, making defendant angry. One day, after the victim drove and parked the car and returned to her apartment, she heard the blinds of an upstairs window fall. The victim saw the blinds on the ground and saw defendant standing three feet from the open window.

Defendant and the victim both looked at her purse, where the car keys were visible. The victim reached for the purse, but defendant struck her hand with a BB gun. Defendant ran off with her purse and the car keys, jumped in the car, and took off, screaming something like, "that's what you get." The victim believed defendant returned the car to her mother's house a week or two after taking it. It is unclear how long it took the victim to inform her mother that defendant took the car, but defendant returned the car to the victim's mother a day after the victim told her mother that defendant took it.

Months later, in February 2017, defendant texted the victim that he was in her apartment and would break everything if she did not come there. The victim drove to her apartment and saw that her bedroom window was open. Seeking to avoid defendant, the victim kept driving, but defendant caught up with her at a red light and got into her car. Defendant hit the victim in the face with a water bottle. When the victim got out of the car, defendant moved to the driver's seat and drove off. The victim went to her apartment and found that everything within had been destroyed.

Defendant used Craigslist to trade the BMW for a Cadillac. The record also contains evidence of additional conduct by defendant not relevant to his contention on appeal, including possession of heroin.

Testifying on his own behalf, defendant said the victim would let him drive the BMW and gave him a key to her apartment. One day they got into an argument and defendant asked her for a ride home. The victim refused, which caused defendant to get upset, grab her purse, and walk to the car where he waited for the victim to give him a ride. After waiting 10 minutes, defendant drove away. He did not intend to steal the car when he drove off.

Regarding the February 2017 incident, defendant said he went to the victim's apartment to eat. When he saw the victim's car from the living room window, he walked up to it and got into the passenger seat as it was stopped at a red light. Defendant and the victim started to argue, and defendant threw water from a water bottle on her. He did not remember whether he hit the victim in the head with the water bottle. After the victim got out of the car, defendant moved to the driver's seat and drove off. He traded the BMW for a Cadillac, but according to defendant, the victim was with him when he made the trade. She later told defendant her mother wanted the car back.

/////

/////

> The jury convicted defendant of robbery (Pen. Code, § 211),[1] carjacking (§ 215, subd. (a)), three counts of felony unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a)), two counts of receiving a stolen vehicle (§ 496d, subd. (a)), theft by false pretenses (§ 532, subd. (a)), domestic violence with a prior domestic violence conviction (§ 273.5, subds. (a), (f)(1)), and possession of heroin (Health & Saf. Code, § 11350, subd. (a)), a misdemeanor. The trial court imposed a 12-year 4-month state prison term.

ECF No. 13-3 at 1-3 (Lodg. Doc No. 3).

## STANDARDS GOVERNING HABEAS RELIEF UNDER THE AEDPA

I. Applicable Statutory Provisions

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(d) constitutes a "constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus." *(Terry) Williams v. Taylor*, 529 U.S. 362, 412 (2000). It does not, however, "imply abandonment or abdication of judicial review," or "by definition preclude relief." *Miller El v. Cockrell*, 537 U.S. 322, 340 (2003). If either prong (d)(1) or (d)(2) is satisfied, the federal court may grant relief based on a de novo finding of constitutional error. *See Frantz v. Hazey*, 533 F.3d 724, 736 (9th Cir. 2008) (en banc).

The statute applies whenever the state court has denied a federal claim on its merits, whether or not the state court explained its reasons. *Harrington v. Richter*, 562 U.S. 86, 99-100 (2011). State court rejection of a federal claim will be presumed to have been on the merits

---

[1][footnote in original text] Undesignated statutory references are to the Penal Code.

3

absent any indication or state law procedural principles to the contrary. *Id.* at 784-785 (citing *Harris v. Reed*, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis)). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." *Id.* at 785.

A. "Clearly Established Federal Law"

The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal principle or principles" previously articulated by the Supreme Court. *Lockyer v. Andrade*, 538 U.S. 63, 71 72 (2003). Only Supreme Court precedent may constitute "clearly established Federal law," but courts may look to circuit law "to ascertain whether . . . the particular point in issue is clearly established by Supreme Court precedent." *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013).

B. "Contrary To" Or "Unreasonable Application Of" Clearly Established Federal Law

Section 2254(d)(1) applies to state court adjudications based on purely legal rulings and mixed questions of law and fact. *Davis v. Woodford*, 384 F.3d 628, 637 (9th Cir. 2003). The two clauses of § 2254(d)(1) create two distinct exceptions to AEDPA's limitation on relief. *Williams*, 529 U.S. at 404-05 (the "contrary to" and "unreasonable application" clauses of (d)(1) must be given independent effect, and create two categories of cases in which habeas relief remains available).

A state court decision is "contrary to" clearly established federal law if the decision "contradicts the governing law set forth in [the Supreme Court's] cases." *Id.* at 405. This includes use of the wrong legal rule or analytical framework. "The addition, deletion, or alteration of a factor in a test established by the Supreme Court also constitutes a failure to apply controlling Supreme Court law under the 'contrary to' clause of the AEDPA." *Benn v. Lambert*, 283 F.3d 1040, 1051 n.5 (9th Cir. 2002). *See, e.g., Williams*, 529 U.S. at 391, 393 95 (Virginia
/////

4

Supreme Court's ineffective assistance of counsel analysis "contrary to" *Strickland*[2] because it added a third prong unauthorized by *Strickland*); *Crittenden v. Ayers*, 624 F.3d 943, 954 (9th Cir. 2010) (California Supreme Court's *Batson*[3] analysis "contrary to" federal law because it set a higher bar for a prima facie case of discrimination than established in *Batson* itself); *Frantz*, 533 F.3d at 734 35 (Arizona court's application of harmless error rule to *Faretta*[4] violation was contrary to U.S. Supreme Court holding that such error is structural). A state court also acts contrary to clearly established federal law when it reaches a different result from a Supreme Court case despite materially indistinguishable facts. *Williams*, 529 U.S. at 406, 412 13; *Ramdass v. Angelone*, 530 U.S. 156, 165-66 (2000) (plurality op'n).

A state court decision "unreasonably applies" federal law "if the state court identifies the correct rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 407 08. It is not enough that the state court was incorrect in the view of the federal habeas court; the state court decision must be objectively unreasonable. *Wiggins v. Smith*, 539 U.S. 510, 520 21 (2003). This does not mean, however, that the § (d)(1) exception is limited to applications of federal law that "reasonable jurists would all agree is unreasonable." *Williams*, 529 U.S. at 409 (rejecting Fourth Circuit's overly restrictive interpretation of "unreasonable application" clause). State court decisions can be objectively unreasonable when they interpret Supreme Court precedent too restrictively, when they fail to give appropriate consideration and weight to the full body of available evidence, and when they proceed on the basis of factual error. *See, e.g., Williams*, 529 U.S. at 397-98; *Wiggins*, 539 U.S. at 526 28 & 534; *Rompilla v. Beard*, 545 U.S. 374, 388 909 (2005); *Porter v. McCollum*, 558 U.S. 30, 42 (2009).

The "unreasonable application" clause permits habeas relief based on the application of a governing principle to a set of facts different from those of the case in which the principle was

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).

[3] *Batson v. Kentucky*, 476 U.S. 79 (1986).

[4] *Faretta v. California*, 422 U.S. 806 (1975).

announced. *Lockyer*, 538 U.S. at 76. AEDPA does not require a nearly identical fact pattern before a legal rule must be applied. *Panetti v. Quarterman*, 551 U.S. 930, 953 (2007). Even a general standard may be applied in an unreasonable manner. *Id.* In such cases, AEDPA deference does not apply to the federal court's adjudication of the claim. *Id.* at 948.

Review under § 2254(d) is limited to the record that was before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011). The question at this stage is whether the state court reasonably applied clearly established federal law to the facts before it. *Id.* In other words, the focus of the § 2254(d) inquiry is "on what a state court knew and did." *Id.* at 1399.

Where the state court's adjudication is set forth in a reasoned opinion, § 2254(d)(1) review is confined to "the state court's actual reasoning" and "actual analysis." *Frantz*, 533 F.3d at 738 (emphasis in original). A different rule applies where the state court rejects claims summarily, without a reasoned opinion. In *Harrington*, *supra*, the Supreme Court held that when a state court denies a claim on the merits but without a reasoned opinion, the federal habeas court must determine what arguments or theories may have supported the state court's decision, and subject those arguments or theories to § 2254(d) scrutiny. *Harrington*, 562 U.S. at 101-102.

C.  "Unreasonable Determination of The Facts"

Relief is also available under AEDPA where the state court predicated its adjudication of a claim on an unreasonable factual determination. Section 2254(d)(2). The statute explicitly limits this inquiry to the evidence that was before the state court.

Even factual determinations that are generally accorded heightened deference, such as credibility findings, are subject to scrutiny for objective reasonableness under § 2254(d)(2). For example, in *Miller El v. Dretke*, 545 U.S. 231 (2005), the Supreme Court ordered habeas relief where the Texas court had based its denial of a *Batson* claim on a factual finding that the prosecutor's asserted race neutral reasons for striking African American jurors were true. *Miller El*, 545 U.S. at 240.

An unreasonable determination of facts exists where, among other circumstances, the state court made its findings according to a flawed process – for example, under an incorrect legal standard, or where necessary findings were not made at all, or where the state court failed to

6

consider and weigh relevant evidence that was properly presented to it. *See Taylor v. Maddox*, 366 F.3d 992, 999 1001 (9th Cir.), *cert. denied*, 543 U.S. 1038 (2004). Moreover, if "a state court makes evidentiary findings without holding a hearing and giving petitioner an opportunity to present evidence, such findings clearly result in a 'unreasonable determination' of the facts" within the meaning of § 2254(d)(2). *Id.* at 1001; accord *Nunes v. Mueller*, 350 F.3d 1045, 1055 (9th Cir. 2003) (state court's factual findings must be deemed unreasonable under section 2254(d)(2) because "state court . . . refused Nunes an evidentiary hearing" and findings consequently "were made without . . . a hearing"), *cert. denied*, 543 U.S. 1038 (2004); *Killian v. Poole*, 282 F.3d 1204, 1208 (9th Cir. 2002) ("state courts could not have made a proper determination" of facts because state courts "refused Killian an evidentiary hearing on the matter"), *cert. denied*, 537 U.S. 1179 (2003).

A state court factual conclusion can also be substantively unreasonable where it is not fairly supported by the evidence presented in the state proceeding. *See, e.g., Wiggins*, 539 U.S. at 528 (state court's "clear factual error" regarding contents of social service records constitutes unreasonable determination of fact); *Green v. LaMarque*, 532 F.3d 1028 (9th Cir. 2008) (state court's finding that the prosecutor's strike was not racially motivated was unreasonable in light of the record before that court); *Bradley v. Duncan*, 315 F.3d 1091, 1096 98 (9th Cir. 2002) (state court unreasonably found that evidence of police entrapment was insufficient to require an entrapment instruction), *cert. denied*, 540 U.S. 963 (2003).

II.     The Relationship Of § 2254(d) To Final Merits Adjudication

To prevail in federal habeas proceedings, a petitioner must establish the applicability of one of the § 2254(d) exceptions and also must also affirmatively establish the constitutional invalidity of his custody under pre AEDPA standards. *Frantz v. Hazey*, 533 F.3d 724 (9th Cir. 2008) (en banc). There is no single prescribed order in which these two inquiries must be conducted. *Id.* at 736 37. The AEDPA does not require the federal habeas court to adopt any one methodology. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).

In many cases, § 2254(d) analysis and direct merits evaluation will substantially overlap.

/////

7

Accordingly, "[a] holding on habeas review that a state court error meets the § 2254(d) standard will often simultaneously constitute a holding that the [substantive standard for habeas relief] is satisfied as well, so no second inquiry will be necessary." *Frantz*, 533 F.3d at 736. In such cases, relief may be granted without further proceedings. *See, e.g., Goldyn v. Hayes*, 444 F.3d 1062, 1070 71 (9th Cir. 2006) (finding § 2254(d)(1) unreasonableness in the state court's conclusion that the state had proved all elements of the crime, and granting petition); *Lewis v. Lewis*, 321 F.3d 824, 835 (9th Cir. 2003) (finding § 2254(d)(1) unreasonableness in the state court's failure to conduct a constitutionally sufficient inquiry into a defendant's jury selection challenge, and granting petition); *Williams v. Ryan*, 623 F.3d 1258 (9th Cir. 2010) (finding § 2254(d)(1) unreasonableness in the state court's refusal to consider drug addiction as a mitigating factor at capital sentencing, and granting penalty phase relief).

In other cases, a petitioner's entitlement to relief will turn on legal or factual questions beyond the scope of the § 2254(d) analysis. In such cases, the substantive claim(s) must be separately evaluated under a de novo standard. *Frantz*, 533 F.3d at 737. If the facts are in dispute or the existence of constitutional error depends on facts outside the existing record, an evidentiary hearing may be necessary. *Id.* at 745; *see also Earp*, 431 F.3d 1158 (remanding for evidentiary hearing after finding § 2254(d) satisfied).

## DISCUSSION

Petitioner, as noted *supra*, argues insufficient evidence supports his car-jacking conviction.

I. State Court Decision

The state court of appeal rejected this claim on direct review:

> Defendant contends there is insufficient evidence to support the carjacking conviction. We disagree.
>
> In determining the sufficiency of the evidence, we ask whether " 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (*People v. Hatch* (2000) 22 Cal.4th 260, 272, italics omitted.) We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.) "Moreover, unless the testimony is physically impossible or

> inherently improbable, testimony of a single witness is sufficient to support a conviction. [Citation.]" (*People v. Young* (2005) 34 Cal.4th 1149, 1181.) " ' " 'If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also be reasonably reconciled with a contrary finding does not warrant a reversal of the judgment.' " ' [Citation.]" (*People v. Casares* (2016) 62 Cal.4th 808, 823-824.) Thus, reversal is not warranted unless there is no hypothesis on which there exists substantial evidence to support the conviction. (*People v. Bolin* (1998) 18 Cal.4th 297, 331.)
>
> "A conviction for carjacking requires proof that (1) the defendant took a vehicle that was not his or hers (2) from the immediate presence of a person who possessed the vehicle or was a passenger in the vehicle (3) against that person's will (4) by using force or fear and (5) with the intent of temporarily or permanently depriving the person of possession of the vehicle. [Citations.]" (*People v. Magallanes* (2009) 173 Cal.App.4th 529, 534.)
>
> Defendant's carjacking conviction is based on the September 29, 2016 incident in which he entered the victim's apartment through the window, hit her in the hand with a BB gun, took her purse and keys, and drove off with the BMW. Defendant claims he occasionally drove the car and there was conflicting evidence as to whether he was allowed to drive it by himself. He argues he could have reasonably believed there was an understanding that he could drive the car, and he points to his testimony that he waited 10 minutes for the victim before he drove off, and he eventually returned the car to the victim's mother. Under the circumstances, he claims the evidence does not support a finding that he intended to deprive the victim of possession of the vehicle.
>
> But defendant is focusing only on his version of events. The victim testified that although she did not let defendant drive the car, he struck her with a BB gun, took her purse and keys, and drove off in the car, returning it a week later. The victim's testimony, which appears to have been credited by the jury, is sufficient to establish defendant's intent to deprive the victim of possession of the vehicle, at least temporarily.
>
> Defendant essentially asks us to credit his testimony over the victim's testimony, but we will not usurp the jury's function. Substantial evidence supports the carjacking conviction.

ECF No. 13-3 at 3-5 (Lodg. Doc. No. 3). Petitioner presented this same claim to the California Supreme Court (ECF No. 13-4 at 6) (Lodg. Doc. No. 4) and it was summarily denied (ECF No. 13-5) (Lodg. Doc. No. 5).

II.     Legal Standards

The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is

9

charged." *In re Winship*, 397 U.S. 358, 364 (1970). There is sufficient evidence to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "[T]he dispositive question under *Jackson* is 'whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.'" *Chein v. Shumsky*, 373 F.3d 978, 982 (9th Cir. 2004) (quoting *Jackson*, 443 U.S. at 318). Put another way, "a reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011). Sufficiency of the evidence claims in federal habeas proceedings must be measured with reference to substantive elements of the criminal offense as defined by state law. *Jackson*, 443 U.S. at 324 n.16.

In conducting federal habeas review of a claim of insufficient evidence, "all evidence must be considered in the light most favorable to the prosecution." *Ngo v. Giurbino*, 651 F.3d 1112, 1115 (9th Cir. 2011). "*Jackson* leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial," and it requires only that they draw "'reasonable inferences from basic facts to ultimate facts.'" *Coleman v. Johnson*, 566 U.S. 650, 655 (2012) (per curiam ) (citation omitted). "'Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction.'" *Walters v. Maass*, 45 F.3d 1355, 1358 (9th Cir. 1995) (citation omitted).

If the record supports conflicting inferences, the reviewing court "must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *McDaniel v. Brown*, 558 U.S. 120, 133 (2010) (per curiam) (quoting *Jackson*, 443 U.S. at 326). And juries have broad discretion in deciding what inferences to draw from the evidence presented at trial. This court may not "impinge[ ] on the jury's role as factfinder," or engage in "fine-grained factual parsing." *Coleman*, 566 U.S. at 655. Under *Jackson*, the court need not find that the conclusion of guilt was compelled, only that it rationally could have been reached. *Drayden v. White*, 232 F.3d 704, 709-10 (9th Cir. 2000).

"A petitioner for a federal writ of habeas corpus faces a heavy burden when challenging the sufficiency of the evidence used to obtain a state conviction on federal due process grounds." *Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005). Because this case is governed by the Anti-Terrorism and Effective Death Penalty Act, this court owes a "double dose of deference" to the decision of the state court. *Long v. Johnson*, 736 F.3d 891, 896 (9th Cir. 2013) (quoting *Boyer v. Belleque*, 659 F.3d 957, 960 (9th Cir. 2011)). *See also Coleman*, 566 U.S. at 651 ("*Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference."); *Kyzar v. Ryan*, 780 F.3d 940, 943 (9th Cir. 2015) (same).

   III.   Analysis

The court finds that this claim must be denied because sufficient evidence supports the car-jacking conviction and, thus, a fair-minded jurist could conclude that the state court of appeal's decision was correct. As noted by the court of appeal, Iriadna testified that petitioner used force – fighting and ultimately striking her with a BB gun – to gain control of her car keys. ECF No. 22-2 at 53-56 (Lodg. Doc. No. 7). She further testified that, immediately after obtaining control of her keys, petitioner jumped in her car and drove away while screaming at her. *Id.* at 56-58. Iriadna explicitly testified that she had not given petitioner permission to enter her home or take her vehicle. *Id.* at 58-59. Thus, there was sufficient evidence for a jury, crediting her testimony, to convict petitioner of car-jacking. *See Bruce v. Terhune*, 376 F.3d 950, 957-58 (9th Cir. 2004) (per curiam) (testimony of a single witness is sufficient evidence to sustain a conviction).

                              CONCLUSION

For the reasons explained above, the state courts' denial of petitioner's claim was not objectively unreasonable within the meaning of 28 U.S.C. § 2254(d). Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

11

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within fourteen days after service of the objections.  Failure to file
3  objections within the specified time may waive the right to appeal the District Court's order.
4  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
5  1991).  In his objections petitioner may address whether a certificate of appealability should issue
6  in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing Section
7  2254 Cases (the district court must issue or deny a certificate of appealability when it enters a
8  final order adverse to the applicant).
9  DATED:  September 22, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE